

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

*Norfolk Division*

| | |
|---|---|
| UNITED STATES OF AMERICA ) | UNDER SEAL |
| ) | |
| v. ) | CRIMINAL NO. 2:16cr 106 |
| ) | |
| SASHA DEVON WILLIAMS, ) | 18 U.S.C. § 287 |
| ) | False or Fraudulent Claim |
| *Defendant.* ) | (Count 1) |
| ) | |
| ) | 18 U.S.C. § 1341 |
| ) | Mail Fraud |
| ) | (Counts 2-5) |
| ) | |
| ) | 31 U.S.C. § 5324(a)(3) |
| ) | Structuring Transactions to Evade |
| ) | Reporting Requirement |
| ) | (Count 6) |
| ) | |
| ) | 18 U.S.C. § 981(a)(1)(C) |
| ) | 31 U.S.C. § 5317(c)(1) |
| ) | 28 U.S.C. § 2461(c) |
| ) | Forfeiture Allegation |

## INDICTMENT

July 2016 Term - at Norfolk, Virginia

THE GRAND JURY CHARGES THAT:

### COUNT ONE

On or about March 8, 2015, in the Eastern District of Virginia and elsewhere, defendant SASHA DEVON WILLIAMS made and presented to the Internal Revenue Service (IRS) a claim upon and against the United States, Department of the Treasury, that is, a 2014 IRS Form 1040, Individual Income Tax Return in defendant's name, knowing that the claim was false, fictitious and fraudulent, in that defendant included in the Form 1040 a Form 1099-MISC Income from Wells Fargo & Company (Wells Fargo) in the amount of $732,439 and a Form 1099-MISC

1

Income from OCWEN Financial Corporation (OCWEN) in the amount of $172,164, knowing that the two Forms 1099 were false, fictitious and fraudulent, and knowing that the total IRS refund amount of $271,475 was also false, fictitious and fraudulent.

(In violation of Title 18, United States Code, Section 287.)

## COUNTS TWO - FIVE

1. From on or about March 8, 2015 to on or about December 11, 2015, in the Eastern District of Virginia and elsewhere, defendant SASHA DEVON WILLIAMS knowingly and unlawfully devised, intended to devised, and aided and abetted the devising of a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, which scheme and artifice, and the execution thereof, operated in substance as follows.

## THE SCHEME AND ARTIFICE

2. The object of the scheme and artifice to defraud was obtain money by fraudulently forging, counterfeiting and submitting IRS tax forms in an effort to obtain a fraudulent tax refund for the 2014 tax year.

3. It was part of the scheme and artifice to fraudulently create and counterfeit Forms 1099 MISC Income for Wells Fargo & Company and for OCWEN Financial Corporation.

4. It was further a part of the scheme and artifice to prepare a 2014 IRS Form 1040, Individual Income Tax Return in her own name, and to submit the two forged and counterfeit Forms 1099, in order to obtain the fraudulent income tax refund.

5. It was further a part of the scheme that the defendant mailed the 2014 IRS Form 1040 Individual Income Tax Return and the two IRS Forms 1099 to the Internal Revenue Service by mail.

6. It was further a part of the scheme and artifice that the Internal Revenue Service, after having reviewed the Form 1040 tax return and the Forms 1099, would send by mail a refund check to defendant's mailing address which was on her tax form.

7. It was further a part of the scheme and artifice that the defendant would and did open two bank accounts at BB&T Bank (BB&T), a personal savings account (####9542) and a personal checking account (####2453) at a branch office in Chesapeake, Virginia

8. It was further a part of the scheme and artifice that defendant opened a BB&T Trust Account which was opened under the name, DyShazy Bey Trust, with the account number (####2151).

9. It was further a part of the scheme and artifice that defendant would deposit the $271,475.42 Treasury check into the DyShazy Bey Trust Account on the day the account was opened.

10. It was further a part of the scheme and artifice for defendant to withdraw cash amounts under $10,000 from the DyShazy Bey Trust Account on 13 occasions over two months in order to avoid IRS currency regulations.

## ACTS IN EXECUTION OF THE SCHEME AND ARTIFICE

11. On or about March 8, 2015, SASHA DEVON WILLIAMS mailed to the IRS, using the United States Postal Service, a 2014 Form 1040 Individual Income Tax Return in her own name, along with two Forms 1099-MISC Income for tax year 2014, purporting to be from OCWEN and Wells Fargo.

12. On or about July 23, 2015, SASHA DEVON WILLIAMS mailed to the IRS, using the United States Postal Service, an IRS Form 1099-MISC Income for tax year 2014 purporting to be from OCWEN, asserting that WILLIAMS received "other income" of $172,164.88 from OCWEN.

3

13. On or about August 20, 2015, SASHA DEVON WILLIAMS mailed to the IRS, using the United States Postal Service, a Form 1099-MISC Income for tax year 2014 purporting to be from Wells Fargo, doing business as America's Serving Company, asserting that WILLIAMS received "other income" of $732,439.20 from Wells Fargo.

14. On or about September 14, 2015, the IRS issued a United States Treasury refund check payable to SAHSA DEVON WILLIAMS for $271,475.42, said check being mailed using the United States Postal Service to 5968 Eagle Point, Portsmouth, Virginia 23703, the address of defendant.

15. On or about September 29, 2015, SASHA DEVON WILLIAMS opened a BB&T account at a branch office in Chesapeake, Virginia, and thereafter WILLIAMS deposited the full amount of $271,475.42 from the U.S. Treasury check into the BB&T account number ####2151, designated as the DyShazy Bey Trust Account.

16. On or about October 2015, SASHA DEVON WILLIAMS failed to inform her U.S. Probation Officer that she had deposited $271,475.42 into a bank account at BB&T, during a meeting she had with the probation officer. During that same meeting, defendant told her probation officer that she only had $200.

17. On or about the dates noted in the counts set forth below, in the Eastern District of Virginia and elsewhere, for the purpose of executing the aforesaid scheme and artifice, the defendant, SASHA DEVON WILLIAMS did knowingly place in any post office or authorized depository for mail matter, any matter or thing whatever to be sent and delivered by the Postal Service, and knowingly takes and receives therefrom any such matter or thing, or causes to be delivered, or at the place to be delivered by the person to whom it is addressed, in the following matter:

| COUNTS | ON OR ABOUT DATE OF MAILING | SUMMARY OF MAIL CONTENT |
|---|---|---|
| 2 | 3/8/2015 | SDW placed in authorized depository for mail a 2014 IRS Form 1040 Individual Income Tax Return showing total taxable income of $872, 616 |
| 3 | 7/23/2015 | SDW placed in authorized depository for mail a 2014 IRS Form 1099-MISC Income, OCWEN Financial Corp. in amount of $172,164.88 |
| 4 | 8/20/2015 | SDW placed in authorized depository for mail a 2014 IRS Form 1099-MISC Income, Wells Fargo, in amount of $732,439.20 |
| 5 | 9/14/2015 | SDW received from an authorized depository for mail a U.S. Treasury IRS refund check in the amount of $ 271,475.42 |

(In violation of Title 18, United States Code, Sections 1341 and 2.)

## COUNT SIX

1. Title 31, United States Code, Section 5313(a) and Title 31, Code of Federal Regulations, Sections 1010.310 – 1010.313, require domestic financial institutions to prepare and file with the Financial Crimes Enforcement Network a Currency Transaction Report ("CTR" or Form 104) with the Financial Crimes Enforcement Network for any transaction (that is, a withdrawal or deposit) or series of transactions with a customer involving more than $10,000.00. The regulations also require that multiple transactions be treated as a single transaction if the financial institution has knowledge that they are by, or on behalf of, the same person, and they result in either currency received or disbursed by the financial institution totaling more than $10,000.00 during any one business day.

2. At all times pertinent to the indictment, BB&T was a domestic financial institution, subject to the Currency Transaction Reporting requirements described above.

3. Currency Transaction Reports are required to contain information regarding the identification of the individual depositing or withdrawing more than $10,000.00 in cash into or from a financial institution. Law enforcement and tax authorities make use of information required to be reported on Currency Transaction Reports.

4. Individuals aware of the Currency Transaction Reporting requirements who do not want the Internal Revenue Service (IRS) or other law enforcement authorities to learn of their financial transactions sometimes take active steps to cause financial institutions to fail to file Currency Transaction Reports. These active steps are often referred to as "structuring" and include, for example, breaking down the withdrawal of a sum greater than $10,000 into a series of cash withdrawals during a period of several days where each withdrawal involves currency sums of less than $10,000.

5. On or about September 14, 2015, SASHA DEVON WILLIMAS opened two accounts at BB&T – a personal savings account (####9542) and a personal checking account (####2453). Two weeks later, she opened a Trust Account (####2151) at the same BB&T branch she opened her personal accounts. She deposited a Treasury check in the amount of $271,475.42 into account on the day it was opened. The Trust Account was opened under the name of DyShazy Bey Trust.

6. From on or about October 13, 2015 through on or about December 11, 2015, in the Eastern District of Virginia, defendant SASHA DEVON WILLIAMS did knowingly and for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313(a) and regulations prescribed thereunder, structure and assist in structuring transactions with BB&T, a domestic financial institution, by withdrawing and causing the withdrawal of approximately $101,800 in United States currency in amounts under $10,000.00 in thirteen (13) separate transactions; that is, on the dates, in the approximate amounts, SASHA DEVON

WILLIAMS made and caused to be made cash withdrawals so that she would not trigger the filing of a Currency Transaction Report by withdrawing more than $10,000.00 in cash on a single day and conducted said structuring while committing one or more violations of Title 18, United States Code, Sections 1341 and 2:

| DATE | AMOUNT WITHDRAWN | LOCATION |
|---|---|---|
| 10/13/2015 | $ 7,500 | BB&T Branch, EDVA |
| 10/15/2015 | $ 9,700 | BB&T Branch, EDVA |
| 10/21/2015 | $ 9,800 | BB&T Branch, EDVA |
| 10/23/2015 | $ 5,000 | BB&T Branch, EDVA |
| 10/28/2015 | $ 8,000 | BB&T Branch, EDVA |
| 11/02/2015 | $ 8,000 | BB&T Branch, EDVA |
| 11/09/2015 | $ 1,500 | BB&T Branch, EDVA |
| 11/09/2015 | $ 6,000 | BB&T Branch, EDVA |
| 11/12/2015 | $ 9,800 | BB&T Branch, EDVA |
| 11/23/2015 | $ 9,500 | BB&T Branch, EDVA |
| 11/23/2015 | $ 9,500 | BB&T Branch, EDVA |
| 12/02/2015 | $ 8,000 | BB&T Branch, EDVA |
| 12/11/2015 | $ 9,500 | BB&T Branch, EDVA |
| TOTAL | $ 101,800 | |

(In violation of Title 31, United States Code, Sections 5324(a)(3) and (d)(2), and Title 18, United States Code, Section 2).

## FORFEITURE

THE GRAND JURY FURTHER ALLEGES AND FINDS PROBABLE CAUSE THAT:

1. The defendant, if convicted of any of the violations alleged in Counts Two through Five of this Indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2, any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

2. The defendant, if convicted of any of the violation alleged in Count Six of this Indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2, all property, real or personal, involved in the offense and any property traceable to the violation

3. If any property that is subject to forfeiture above, as a result of any act or omission of the defendant, (a) cannot be located upon the exercise of due diligence, (b) has been transferred to, sold to, or deposited with a third party, (c) has been placed beyond the jurisdiction of the Court, (d) has been substantially diminished in value, or (e) has been commingled with other property that cannot be divided without difficulty, it is the intention of the United States to seek forfeiture of any other property of the defendant, as subject to forfeiture under Title 21, United States Code, Section 853(p).

4. The property subject to forfeiture includes, but is not limited to, the following property:
   a. Check in the amount of $169,646.66 from BB&T Account ######2151, held in the name of DyShazy Bey Trust, with Sasha Williams listed as trustee, seized on January 21, 2016.

(In accordance with Title 18, United States Code, Section 981(a)(1)(C); Title 31, United States Code, Section 5317(c)(1); and Title 28, United States Code, Section 2461(c))

*United States v. Sasha Devon Williams*
*Criminal No. 2:16cr* 106

A TRUE BILL:

Redacted
_____
FOREPERSON

DANA J. BOENTE
UNITED STATES ATTORNEY

By: _____
Stephen W. Haynie
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
8000 World Trade Center
101 West Main Street
Norfolk, VA 23510
Office Number - 757-441-6331
Facsimile Number - 757-441-6689
Email: steve.haynie@usdoj.gov